## COMPETITIVE ENTERPRISE INSTITUTE, et al.,
Petitioners

v.

## UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., Respondents

### No. 16-1135
### Consolidated with 16-1139
### September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: May 26, 2017

Hans Frank Bader, Sam Kazman, General Counsel, Competitive Enterprise Institute, Washington, DC, for Petitioners Competitive Enterprise Institute, The Rutherford Institute, Iain Murray, Marc Scribner

Alan Jay Butler, Senior Counsel, Marc Rotenberg, Electronic Privacy Information Center, Washington, DC, for Petitioner Electronic Privacy Information Center

Benjamin Charles Mizer, Solicitor, Mark B. Stern, Attorney, Sharon Swingle, U.S. Department of Justice, (DOJ) Civil Division, Appellate Staff, Washington, DC, for Respondents United States Department of Homeland Security, Transportation Secu-

rity Administration, John F. Kelly, Peter Neffenger

Mahesha Padmanabhan Subbaraman, Attorney, Subbaraman PLLC, Minneapolis, MN, for Amici Curiae for Petitioner Freedom to Travel USA, National Association of Airline Passengers, Bill of Rights Defense Committee/Defending Dissent Foundation, Consumer Watchdog

Before: Tatel and Wilkins, Circuit Judges, and Silberman, Senior Circuit Judge

### JUDGMENT

Per Curiam

These cases were considered on the record from the agency and on the briefs of the parties. The court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. Rule 36(d). It is

**ORDERED AND ADJUDGED** that the petitions for review be denied for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED R. APP. P. 41(b); D.C. Cir. R. 41.

### MEMORANDUM

Several petitioners challenge TSA's regulation adopting body scanners to screen airline passengers. *Passenger Screening Using Advanced Imaging Technology*, 81 Fed. Reg. 11,364 (March 3, 2016). We think none of the arguments presented are sufficiently meritorious to justify a published opinion.

Petitioners essentially oppose the encroachment into individual privacy the

body scanners present. They argue, generally, that the TSA insufficiently considered the privacy interests of passengers. Specifically, it was also contended that the agency inadequately responded to the proposition that passengers who did not wish to experience the body scanner might choose to drive—which is statistically more dangerous than airline travel—and that the TSA did not provide evidence that body scanners were the best method of screening passengers. Finally, one of the petitioners contended that the final agency rule, which did not provide a pat-down option in *all* cases, was not a "logical outgrowth" of the Notice of Proposed Rulemaking.

We think the agency adequately responded to petitioners' contentions in the final rule. We defer to TSA's judgment on such an issue of national security. *E.g.*, *Olivares v. TSA*, 819 F.3d 454, 462 (D.C. Cir. 2016). And the final rule was indeed a logical outgrowth of the Notice of Proposed Rulemaking; the opt-out notion was expressly at issue.